IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

v.             Case No. 1:95-cr-00341 KWR

MICHAEL ROBINSON,

    Defendant.

### ORDER DENYING MOTION TO APPOINT COUNSEL

This matter is before the Court on Defendant Michael Robinson's Motion to Appoint Counsel (**Doc. 38**). For the reasons stated below, the Court finds that Defendant's motion is not well-taken and therefore is **DENIED.**

Defendant has no constitutional or statutory right to appointment of counsel in the prosecution of a compassionate release motion. *See Coronado v. Ward*, 517 F.3d 1212, 1218 (10th Cir. 2008) (no constitutional right to counsel beyond direct appeal of criminal conviction); *see also United States v. Campos*, 630 F. App'x 813, 816 (10th Cir. 2015) (right to counsel does not extend to § 3582(c)(2) motion); *United States v. Olden*, 296 Fed. App'x. 671, 674 (10th Cir. 2008). (no right to appointment of counsel exists when pursuing relief under 18 U.S.C. § 3582(c)."); *United States v. Carrillo,* 389 Fed.Appx. 861, 863 (10th Cir.2010) (unpublished); *United States v. Olden,* 296 Fed.Appx. 671, 674 (10th Cir.2008) (unpublished); *United States v. Little*, CR No. 14-195 KG, 2020 WL 2736944, at *1; *United States v. Abascal*, No. 2:13-CR-2424-RB, 2020 WL 3265243, at *1 (D.N.M. June 17, 2020); *United States v. Stewart*, No. 1:15-CR-779 WJ, 2020 WL 3832954, at *2 (D.N.M. July 7, 2020).

However, the Court may appoint counsel in the interest of justice. In determining whether

to appoint counsel, the Court considers several factors including (1) the merit of the litigant's claims; (2) the nature of the factual issues raised in the claims; (3) the litigant's ability to present his or her claims; and (4) the complexity of the claims involved. *See Williams v. Meese*, 926 F.2d 994, 996 (10th Cir. 1991).

Applying these factors, the Court exercises its discretion and declines to appoint counsel. The Court has reviewed the record in this case, including Defendant's motion for compassionate release. Defendant seeks release for extraordinary and compelling circumstances under 18 USC § 3582(c)(1) because of COVID-19 and his underlying conditions. Defendant is 62 years old, a smoker, and suffers from hypertension and diabetes. He appears to have a release date of February 14, 2029. He asserts he should be released because he has underlying health conditions and COVID-19 is spreading in his detention facility. Defendant's grounds for his motion for compassionate release appear to be straightforward, and he appears capable of presenting his claims.

**IT IS THEREFORE ORDERED** that Defendant's Motion to Appoint Counsel (**Doc. 38**) is **DENIED**.

_____
KEA W. RIGGS
UNITED STATES DISTRICT JUDGE